USDC. CLERK RECEIVED CHARLESTON, SC
2010 NOV 18 A 10: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bobby Lee Willingham, | C. A. No. 2:09-3244-RMG-RSC |
| Plaintiff, | |
| -versus- | REPORT AND RECOMMENDATION |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Bobby Lee Willingham, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

On November 29, 2005, the plaintiff filed an application for disability insurance benefits and protectively filed an application for supplemental security income benefits alleging he became unable to work on September 7, 2004, due to history of intracerebral hemorrhage, hypertension, obesity, and anxiety.

The applications were denied initially and on reconsideration by the Social Security Administration. On September 21, 2006, the plaintiff requested a hearing. On November 3, 2008, the plaintiff appeared and testified at a hearing with counsel and Kathleen Robbins, vocational expert. (Tr. 539-565). A second hearing was held before another administrative law judge on June 17, 2009 to receive vocational evidence. Thereafter the administrative law judge before whom the plaintiff appeared with her attorney and Vincent Hecker, vocational expert (Tr. 23-39), considered the case de novo, and June 24, 2009, found that the plaintiff was not disabled as defined in the Social Security Act, as amended. (Tr. 13-22). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on October 29, 2009.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since September 7, 2004, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments: history intracerebral hemorrhage, hypertension, obesity, and anxiety (20 CFR 404.1520(c) and 416.920(c)). ...

2

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926). ...

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, he can lift and carry 50 pounds occasionally and 25 pounds frequently, sit 6 hours per 8 hour workday, and stand/walk 6 hours per 8 hour workday. However, he must avoid hazards, have only occasional contact with the public and supervisors, do only occasional decision-making, and have only occasional changes in the work setting. ...

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). ...

7. The claimant was born on May 27, 1958 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age. (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a). ...

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from September 7, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 15-21.

## **STANDARD OF REVIEW**

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. <u>Myers v. Califano</u>, 611 F.2d 980, 982-83 (4th Cir. 1988); <u>Richardson v. Califano</u>, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. <u>Shivey v. Heckler</u>, 739 F.2d 987, 989 (4th Cir. 1984). The court's scope of review is specific and narrow. It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked

4

sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

## ISSUES PRESENTED

By brief the plaintiff presents the following issues for review:

> 1. "[T]he ALJ pretty much disregarded the opinion of the claimant's treating physician, Dr. Cayelli that the claimant was not doing well enough to be employed." (Plaintiff's Brief p. 8)

> 2. "[T]he Appeals Council erred in failing to approve the claimant's disability application under listing 12.05(c)."

(Plaintiff's Brief p. 9).

## APPLICABLE LAW

### Treating Physician Opinion

20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) both provide,

> "[i]f we find that a treating source's opinion on the issue(s) of the nature and severity of [the] impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, we will give it controlling weight."

On the other hand, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight. See, Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (quoting Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

The Fourth Circuit Court of Appeals has held that "the opinion of a claimant's treating physician must be given great weight." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). It has also held, however, that the ALJ may disregard a treating physician's opinion if there is persuasive contradictory evidence. Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986).

While the Commissioner is not bound by the opinion of a claimant's treating physician, that opinion is entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Therefore, it may be disregarded only if there is

6

persuasive contradictory evidence. <u>Mitchell v. Schweiker</u>, 699 F.2d 185, 187 (4th Cir. 1983). Yet the court of appeals has also ruled that the testimony of a non-examining physician can be relied upon when it is consistent with the record. <u>Kyle v. Cohen</u>, 449 F.2d 489, 492 (4th Cir. 1971). Furthermore, if the medical expert testimony from examining or treating physicians goes both ways, a determination coming down on the side of the non-examining, non-treating physician should stand. <u>Gordon v. Schweiker</u>, 725 F.2d 231, 235 (4th Cir. 1984).

Further SSR 96-2p provides:

> Controlling weight. This is the term used in 20 CFR 404.1527(d)(2) and 416.927(d)(2) to describe the weight we give to a medical opinion from a treating source that must be adopted. The rule on controlling weight applies when all of the following are present:
>
> The opinion must come from a "treating source," as defined in 20 CFR 404.1502 and 416.902. Although opinions from other acceptable medical sources may be entitled to great weight, and may even be entitled to more weight than a treating source's opinion in appropriate circumstances, opinions from sources other than treating sources can never be entitled to "controlling weight."
>
> The opinion must be a "medical opinion." Under 20 CFR 404.1527(a) and 416.927(a), "medical opinions" are opinions about the nature and severity of an individual's impairment(s) and are the only opinions that may be entitled to controlling weight. (See SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner.")
>
> The adjudicator must find that the treating source's medical opinion is "well-supported" by "medically acceptable" clinical and laboratory

7

diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion.

Even if well-supported by medically acceptable clinical and laboratory diagnostic techniques, the treating source's medical opinion also must be "not inconsistent" with the other "substantial evidence" in the individual's case record.

If any of the above factors is not satisfied, a treating source's opinion cannot be entitled to controlling weight.

SSR 96-2p.

Likewise 20 C.F.R. § 404.1527, in pertinent part provides the weight to be given medical opinions as to the ultimate conclusion.

> (e) Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
>
> > (1) Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.

20 C.F.R. § 404.1527.

Appeals Council Review

20 C.F.R. § 404.976 controls the procedures before Appeals Council on review and provides:

> (a) Limitation of issues. The Appeals Council may limit the issues it considers if it notifies you and the other parties of the issues it will review.
>
> (b) Evidence. (1) The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision. If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application. The notice returning the evidence to you will also advise you that if you file a new application within 6 months after the date of the Appeals Council's notice, your request for review will constitute a written statement indicating an intent to claim benefits in accordance with §404.630. If a new application is filed within 6 months of this notice, the date of the request for review will be used as the filing date for your application.
>
> (2) If additional evidence is needed, the Appeals Council may remand the case to an administrative law judge to receive evidence and issue a new decision. However, if the Appeals Council decides that it can obtain the evidence more quickly, it may do so, unless it will adversely affect your rights.
>
> (c) Oral argument. You may request to appear before the Appeals Council to present oral argument. The Appeals Council will grant your request if it decides that your case raises an important question of law or policy or that oral argument would help to reach a proper decision. If

9

> your request to appear is granted, the Appeals
> Council will tell you the time and place of the
> oral argument at least 10 days before the
> scheduled date.

20 C.F.R. § 404.972 describes the effect of a dismissal of request for Appeals Council review as follows: "The dismissal of a request for Appeals Council review is binding and not subject to further review."

### DISCUSSION

It is recommended that the decision of the Commissioner herein be affirmed.

The plaintiff's argument that the administrative law judge pretty much disregarded the opinion of the claimant's treating physician, Dr. Cayelli, that the claimant was not doing well enough to be employed, is both factually inaccurate and legally without foundation.

The opinion of Dr. Cayelli in issue here is dated December 1, 2007, and reads as follows:

> . . . We are treating [Bobby Willingham] for
> hypertension, hyperlipidemia, glucose intolerance,
> renal insufficiency. We have also had
> intracranial hemorrhage in 09/06. It caused him
> confusion and short term memory loss. Physically
> he has no significant weakness in his arms or
> legs, no limitations in terms of movement.
> Unfortunately with the short term memory loss, he
> is not able to clearly care for himself and has
> family helping that are providing medicine. I do
> feel with his memory problems, although somewhat
> improved, it would limit his ability to work
> because of possibly not being able to follow
> simple instructions to do even simple manual

>     labor. He has not followed up with his
>     neurologist, and while some of this may improve
>     with time, the continued problems with this need
>     to be reevaluated. . . .

Tr. 409.

The administrative law judge discussed this opinion as follows:

>     I give this opinion little weight, as it was not
>     based on any testing showing that the claimant had
>     memory problems, and no memory problems have been
>     noted in any of the claimants treatment notes.
>     Also as testified by the claimant, he has not
>     received any regular psychiatric or psychological
>     treatment. Furthermore, as noted by Dr. Cayelli,
>     the claimant has not followed up with his
>     neurologist to determine what deficits, if any, he
>     has from his hemorrhage.

Tr. 19-20.

Nowhere in the law or the regulations is the Commissioner required to accept the opinion of a treating source as to the ability to work. Further the administrative law judge was fully justified in giving little weight to the opinion of a physician about an impairment for which the doctor is not treating the claimant and has no clinical notes concerning. Further the administrative law judge appropriately notes the plaintiff is supposed to be seeing a specialist but has not not followed up with the specialist and even the opining physician suggests specialist review is recommended.

Further review of the record as a whole reveals that while the plaintiff may have some residual impairments from his

intracranial hemorrhage, short term memory loss is not considered to be more than slight by any physician, and in some instances was found to be "inconsistent." (See, Tr. pp. 336-340, 414-416, 410-412). In fact except for Dr. Cayelli's opinion, evidence of an impairment related to short term memory loss is largely absent from this record, and the plaintiff points to none by brief.

Turning to the argument that the social security Appeals Council erred in failing to apply Listing 12.05(c) concerning mental retardation[1], the plaintiff made no claim and presented no evidence of mental retardation before the administrative law judge and did not raise mental retardation as an issue for review by the appeals council. (See, Tr. 248-249). Furthermore and more importantly, the Appeals council dismissed the plaintiff's request for Appeals Council review (Tr. 1-2) and that dismissal is binding and not subject to further review or appeal to this court. In effect the Appeals Council's decision left the opinion of the administrative law judge as the final decision of the

---

[1]The plaintiff presented to the Appeals Council, without argument or refernce to 12.05(c), a report of IQ scores (TR 537) obtained after the administrative law judge's opinion was issued. These IQ scores ranged from 66 to 75. Listing 12.05(c) involves mental retardation which refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The plaintiff may file an appropriate motion before the commissioner or file another claim for benefits to allege this new basis for disability, but it was not properly before either the administrative law judge or the appeals council in this instance.

Commissioner, and the administrative law judge[2] cannot be faulted for not considering an issue which was not before him or for not considering evidence which was not developed until after his decision was issued.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the decision of the Commissioner be affirmed.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

November 18, 2010

---

[2]The plaintiff clearly recognizes this issue was not before the administrative law judge and thus couches his argument as a failure on the part of the appeals council.